UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MR. KYLE RICHARDS,

        Plaintiff,

vs.                        CASE NO. 2:11-CV-11227
                            HONORABLE PAUL D. BORMAN
                            UNITED STATES DISTRICT JUDGE

EDWARD SERVITTO, ET AL.

        Defendants,
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

      Plaintiff is an inmate currently confined at the Macomb County Jail in Mount Clemens, Michigan. On March 29, 2011, Magistrate Judge R. Steven Whalen signed an order of deficiency, which required plaintiff to provide a signed certification of his prison trust account from an authorized prison official and a computerized trust fund statement of account showing the history of the financial transactions in plaintiff's institutional trust fund account for the last six months. Alternatively, the order allowed plaintiff to pay the three hundred and fifty ($350.00) dollar filing fee in full. Plaintiff was given thirty days to comply with the order. To date, plaintiff has neither paid the filing fee in full or supplied this Court with the requested information.

      28 U.S.C. § 1915(a)(2) requires a prisoner who wishes to proceed without prepayment of fees and costs in a civil complaint in federal court to file a certified copy of the trust fund account statement for that prisoner for the six month period immediately preceding the filing of

the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined. *See also McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir. 1997).

Plaintiff has filed a response to Magistrate Judge Whalen's order, in which he claims that he is unable to comply with § 1915(a)(2)'s filing requirements because officers and staff at the Macomb County Jail have refused to provide him with a signed inmate trust fund account or to deliver the document to accounting. Plaintiff's conclusory and unsupported allegations of wrongdoing by the Macomb County Jail officials in failing to provide him with a signed trust fund account statement or to deliver the document to accounting are insufficient to excuse plaintiff's non-compliance with § 1915(a)(2)'s filing requirements. *See Montana v. Hargett,* 212 Fed.Appx. 770, 772-73 (10th Cir. 2007). Because plaintiff has provided no evidence in support of his claim that Macomb County officials refuse to provide him with the requested documentation, plaintiff will not be excused from non-compliance with these filing requirements.

If an inmate who does not pay the full filing fee fails to provide an affidavit of indigency or a certified trust account statement, the district court must notify the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or to pay the full filing fee. *McGore v. Wrigglesworth*, 114 F. 3d at 605. If the inmate fails to comply with the district court's directions, "[t]he district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees." *Id.* The district court must then order that the case be dismissed for want of prosecution. *Id.* If the case is dismissed under these circumstances, it is not to be reinstated to the district court's active docket despite the subsequent

payment of filing fees. *Id.*

Plaintiff has not complied with the order of deficiency. Accordingly, the Court **DISMISSES** the complaint under 28 U.S.C. § 1915(a)(1) and (b)(1) and (2) for failure to comply with the filing requirements of the Prison Litigation Reform Act. Because the case is being dismissed under these circumstances, the Court further **ORDERS** that it is not to be reinstated to the district court's active docket despite the subsequent payment of filing fees. *McGore*, 114 F. 3d at 605.

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: May 16, 2011

CERTIFICATE OF SERVICE

A copy of this Order was served on:

**Kyle Richards**
340573
MACOMB COUNTY JAIL
P.O. BOX 2308
MT. CLEMENS, MI 48043

by U.S. Mail on May 16, 2011.

S/Denise Goodine
Case Manager